Ismael **GUTIERREZ**, Petitioner–Appellant,

v.

Silvia H. **GARCIA**, Warden, Respondent–Appellee.

No. 07–55313.

United States Court of Appeals, Ninth Circuit.

Submitted on Dec. 6, 2007.*

Filed Dec. 14, 2007.

Kent A. Russell, Esq., Russell & Russell, San Francisco, CA, for Petitioner–Appellant.

David C. Cook, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: BOWMAN,** BRUNETTI, and BYBEE, Circuit Judges.

---

** The Honorable Pasco M. Bowman, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM ***

Ismael Gutierrez, a California state prisoner, appeals the district court's denial of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

To obtain relief under § 2254, Gutierrez must show that the state court decision either "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We review the last reasoned decision of the state court. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803–04, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *Barker v. Fleming,* 423 F.3d 1085, 1091–92 (9th Cir.2005).

Here, the state court was not objectively unreasonable in its application of Supreme Court precedent when it concluded that the pretrial photographic identification procedures in this case did not deprive Gutierrez of due process. *See Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *United States v. Bagley,* 772 F.2d 482, 492 (9th Cir.1985). Furthermore, we do not consider Gutierrez's argument that the state court's decision was based on an unreasonable determination of the facts because he raises this argument for the first time in his reply brief. *See Affordable Hous. Dev. Corp. v. City of Fresno,* 433 F.3d 1182, 1193 (9th Cir.2006).

Gutierrez also raises an uncertified issue, which we construe as a motion to expand the Certificate of Appealability ("COA"). *See* 9th Cir. R. 22–1(e). "The required showing for originally obtaining a COA on a claim remains the standard by which this court reviews the broadening of a COA. A habeas petitioner's assertion of a claim must make a 'substantial showing of the denial of a constitutional right.'" *Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28 U.S.C. § 2253(c)(2)). However, because Gutierrez's claim that he was denied the right to present a defense is not debatable among jurists of reason, we decline to expand the COA. *See Barker,* 423 F.3d at 1089 n. 1.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

